In the Matter of the Claim of GEORGE B. SHAW, Respondent, against INTERNATIONAL POSTAL SUPPLY CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from an award made under the Workmen's Compensation Law to claimant for disability suffered as the result of an occupational disease. Claimant was employed as a spray painter and striper. He became disabled by reason of a lung condition described as chronic bronchitis with pulmonary fibrosis. There was substantial medical testimony to sustain the finding that this condition was a direct result of his occupation. It appears from the record that claimant was paid some compensation for a period during which he was paid his full salary. Appellants did not file a claim for reimbursement but nevertheless, since the case has been continued on a referee's calendar, this matter can be corrected by the board when the case comes up again. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

In the Matter of the Claim of MARGARET M. BUCKLEY, Respondent, against GALLAGHER BROS. SAND & GRAVEL CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Award for occupational disease of tuberculosis. The testimony indicates association with tubercular patients and the medical testimony sustains the award. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

In the Matter of the Claim of ELIZABETH LAUER, Respondent, against LAWRENCE HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from an award of compensation in favor of claimant. Claimant was employed as a physiotherapy technician at Bronxville, New York. On February 7, 1941, while she was engaged in the regular course of her employment she slipped on a wet floor in the hospital and sustained severe accidental injuries to her back which caused her to become totally disabled on and after April 11, 1941. The employer admitted the occurrence of the accident and the resultant injuries. It paid compensation from April 11, 1941, at a tentative rate fixed by the board. The only question involved here is that of wage rate. Prior to the date of the accident claimant had been employed by the employer for a period of more than two months. During this time she worked three days a week and was paid $75 a month, together with one meal each day. In addition to her services in the hospital she rendered physiotherapy services to private patients. The proof indicates that for one year, prior to the accident, she earned approxmiately $1,840 for services rendered to outside patients. The board found that she was entitled to a wage rate of $25 per week. The evidence sustains the finding. Award unanimously affirmed, with costs to the Workmen's Compensation Board and with printing disbursements to the attorney for claimant. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.